SUMMARY ORDER
Petitioner Carl R. Patrickson (“Patrick-son”) charged his former employer, Entergy Nuclear Operations, Inc. (“Entergy”), with violating 42 U.S.C. § 5851[2] by engag-
*906 ing in adverse employment actions, including discharge, in retaliation for Patrick-son’s protected whistleblowing activity. Patrickson now seeks review of the August 31, 2007 decision and order of the Department of Labor Administrative Review Board (“the Board”) rejecting his claim on the merits and reversing an Administrative Law Judge’s (“ALJ”) recommendation that Patrickson be reinstated at Entergy. We assume the parties’ familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision.
We review the Board’s adjudication of a § 5851 violation under the standards set forth in the Administrative Procedure Act, see 42 U.S.C. § 5851(c)(1); Connecticut Light & Power Co. v. Sec’y of DOL, 85 F.3d 89, 94 (2d Cir.1996) (applying APA standard to review Secretary of Labor’s adjudication of § 5851 violation), and we will set aside agency determinations only if they are “arbitrary, capricious, an abuse of discretion,” 5 U.S.C. § 706(2)(A), or otherwise “unsupported by substantial evidence,” id. § 706(2)(E). That standard applies where, as here, the agency reverses rulings made by an ALJ.[3] See Mr. Sprout, Inc. v. United States, 8 F.3d 118, 123 (2d Cir.1993).
Patrickson raises two arguments in this court: (1) the Board’s decision is not supported by substantial evidence; and (2) the Board improperly denied his motion to submit new evidence.
1. Substantial-Evidence Challenge
The Board found that four legitimate business reasons supported Entergy’s challenged actions: Patrickson (1) failed to meet due dates of action items specified in his performance-improvement plan, (2) was late for a scheduled training session, (3) had made no progress on resolving problems with the hot-water-boiler system, and (4) was three weeks behind schedule on a chlorine-injection project. Patrickson does not directly challenge these findings. Instead, he faults the Board’s failure to consider or properly evaluate other evidence.
Specifically, Patrickson contends that the Board failed to consider the unreasonable nature of the performance-improvement requirements that Entergy had imposed on him, and the inference of retaliation that could be derived therefrom. We disagree. The Board determined that Entergy was on notice of Patrickson’s protected activity as of May 8, 2003. Yet, as the record reflects, Patrickson’s 2003 performance-improvement plan, which included his reassigned hot-water-boiler-modification project, was implemented before then. The Board’s identification of *907 that causal disconnect with respect to the boiler-modification project also severs the relevance of other purportedly “unreasonable” requirements included in Patrick-son’s 2003 performance-improvement plan.
Insofar as Patrickson also submits that the Board failed to consider evidence of disparate treatment, particularly as compared to Rodney Angus (“Angus”), an engineer, the Board identified at least two important distinctions between Patrickson and Angus showing why they were not similarly situated: Angus, unlike Patrick-son, had shown steady improvement while on his performance-improvement plan, and had met his deadlines.
To the extent Patrickson further suggests that, unlike other employees, he was improperly held accountable for failure to file system health reports in a timely manner, the Board noted a number of facts — such as Patrickson’s failure to meet other due dates and complete other projects, and, perhaps most important, his untruthful representation about a hazardous situation — that distinguished him from other employees. Because these determinations are supported by the record, we will not disturb them. See 5 U.S.C. § 706(2)(E).
Finally, Patrickson argues that the Board’s rejection of certain ALJ credibility assessments detracted from the weight of the evidence underpinning the Board’s determination. We are not persuaded. Relying largely on Patrickson’s testimony, the ALJ determined that the bi-weekly meetings that Entergy required Patrick-son to attend were sufficiently hostile to constitute adverse employment actions. In finding to the contrary, the Board specifically listened to recordings that Patrickson had made of those meetings, something apparently not done by the ALJ. From its assessment of the actual words and atmosphere of the meetings, the Board reasonably determined that Patrick-son had not proved hostility sufficient to demonstrate an adverse employment action.
Similarly, notwithstanding any contrary credibility assessments made by the ALJ, the Board’s determination that Patrickson failed to prove that Entergy’s proffered business reasons for his termination were pretextual was supported by substantial evidence, notably, testimony from an Entergy manager regarding the numerous deficiencies in Patrickson’s performance, and Entergy’s institution of a performance-improvement plan for Patrickson pri- or to its notice of his protected activity.
2. Denial of Motion to Submit New Evidence
Patrickson submits that the Board nevertheless erred when it denied his motion, made pursuant to 29 C.F.R. § 18.54(c) and Fed.R.Civ.P. 60(b), to submit new evidence, namely, transcripts of interviews conducted as part of the Nuclear Regulatory Commission’s (“NRC”) investigation of Patrickson’s discrimination complaint. We review the Board’s decision to determine whether it is arbitrary, capricious, or an abuse of discretion, see 5 U.S.C. § 706(2)(A); see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir.2008) (reviewing Rule 60(b) denial for abuse of discretion), and we identify no such error in this case.
The “primary purpose” of Patrick-son’s motion, according to his own submission before the Board, was to establish Entergy’s notice of his protected activities. Indeed, Patrickson represented that he would withdraw his motion “if Entergy were to concede that it had notice of Patrickson’s protected activities on September 22, 2003.” Because the Board expressly resolved the issue of notice in Patrickson’s *908 favor, fixing an earlier date — May 8, 2003 — as the date on which Entergy knew about Patrickson’s protected activity, Patrickson can hardly complain of the Board’s failure to consider notice evidence relating to the later September 22, 2003 date.[4]
Instead, Patrickson asserts that his proffered new evidence would have strengthened his pretext argument by showing that certain Entergy managers proffered false testimony. Patrickson, however, did not expressly present his evidence to the Board in terms of pretext, and we generally will not rely on an argument not presented to the agency as a ground for identifying error. See Erie-Niagara Rail Steering Comm. v. Surface Transp. Bd., 247 F.3d 437, 443-4 (2d Cir. 2001) (declining to address argument not raised before agency). In any event, because there are sufficient ambiguities in the NRC transcripts to permit them to be read consistently with the hearing transcripts, and because the admitted focus of Patrickson’s motion related to notice, we cannot conclude that it was an abuse of discretion for the Board not to have admitted them on these other issues.
For these reasons, the petition for review is DENIED.

. Although this provision of the Energy Reorganization Act has since been amended, those amendments only apply to whistleblower claims filed on or after August 8, 2005. See Procedures for the Handling of Retaliation Complaints Under the Employee Protection Provisions of Six Federal Environmental Statutes and Section 211 of the Energy Reorganization Act of 1974, as Amended, 72 Fed.Reg. 44,956, 44,956-57 (Aug. 10, 2007). Because Patrickson filed his complaint in 2003, our *906 reference to 42 U.S.C. § 5851 is to the predecessor version of the statute.

. The Board, relying upon 29 C.F.R. § 24.8, reviewed the ALJ’s recommended decision de novo, explaining that it was not bound by ALJ fact-findings. In fact, on August 10, 2007, three weeks before the Board rendered its decision, the DOL amended several regulations governing the handling of certain retaliation complaints, including those filed under 42 U.S.C. § 5851. See Procedures for the Handling of Retaliation Complaints Under the Employee Protection Provisions of Six Federal Environmental Statutes and Section 211 of the Energy Reorganization Act of 1974, as Amended, 72 Fed.Reg. 44,956, 44,957-62 (Aug. 10, 2007). As part of those amendments, the Board is now instructed to review "the factual determinations of the administrative law judge under the substantial evidence standard." 29 C.F.R. § 24.110(b). Because Patrickson does not contest the Board’s de novo review of the ALJ’s findings, however, we deem any such challenge waived. See Robinson v. Sheet Metal Workers’ Nat’l Pension Fund, Plan A, 515 F.3d 93, 95 n. 1 (2d Cir.2008) (holding argument not raised on appeal waived).

. For similar reasons, Patrickson cannot complain that the Board fixed May, rather than March, as the period in which Entergy received notice. Although his opening papers before the Board suggested that an Entergy manager may have obtained notice of his protected activities in the spring of 2003, Patrick-son, perhaps cognizant of the extended chain of inferences upon which that earlier date depended, clarified on reply that he sought to affix September 22, 2003, as the notice date.